**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**WILLIAM J. MCKINNEY**

                                           **PRISONER**
      **V.**                          **CIVIL NO. 3:10-cv-880 (AVC)(TPS)**

**JAMES DZURENDA ET AL.**

### RULING ON PENDING MOTIONS

Pending before the court is a motion for discovery and a motion for appointment of counsel filed by the plaintiff. For the reasons set forth below, the plaintiff's motions are **DENIED**.

**I.   Motion to Compel Discovery [dkt. # 13]**

The plaintiff seeks an order directing the defendants to produce documents described in his motion. The court construes the motion as a motion to compel. It does not appear that the plaintiff has served this request for production of documents on the defendants prior to the filing of this motion. Thus, the motion is premature.

In addition, a party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(1) of the Federal Rules of Civil Procedure and Rule 37(a) of the Local Civil Rules of the United States District Court for the District of Connecticut. Under both rules, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

The plaintiff has failed to file a certification that he has made a good faith effort to resolve this discovery dispute without the intervention of the court. Because the plaintiff has not complied with the provisions of Local Rule 37(a), the motion to compel is **DENIED without prejudice** as premature.

**II.  Motion for Appointment of Counsel [dkt. # 14]**

The plaintiff is seeking the appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). In this instance, the plaintiff fails to demonstrate that he is unable to secure legal assistance on his own.

The plaintiff states that he contacted one attorney in December 2007, who agreed to take his case but later withdrew due to a conflict of interest. The plaintiff did not file this action until June 2010. The plaintiff contacted another attorney in January 2010, who declined to take the case. In March 2010, the plaintiff sent a letter to an office of the American Civil Liberties Union, but did not receive a response to this letter.

In April 2011, the plaintiff contacted the Inmates' Legal Assistance Program. An attorney from the program sent a letter to the plaintiff informing him that in order to evaluate the merit of his claims, he must send additional information, including copies

2

of documents he has filed with the court, copies of any rulings by the court, and any other documentation to substantiate his claims. The plaintiff asserts that he does not have access to any documents or documentation because he is in isolation at Northern Correctional Institution. Thus, he has not forwarded any information to the attorney at Inmates' Legal Assistance Program.

The plaintiff has not demonstrated that he is unable to secure legal assistance without the intervention of the court. Accordingly, the plaintiff's motion for appointment of counsel is **DENIED without prejudice**.

### Conclusion

The Motion to Compel [dkt. # 13] is **DENIED without prejudice** as premature. The Motion for Appointment of Counsel [dkt. # 14] is **DENIED without prejudice**. Any renewal of this motion shall be accompanied by a summary of the plaintiff's attempts to obtain counsel or legal assistance and the reasons why assistance or representation was unavailable. The Clerk is directed to send the plaintiff copies of the Complaint [dkt. # 1], Initial Review Order [dkt. # 6] and the Answer to the Complaint [dkt. # 9].

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 20th day of June, 2011.**

    **/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**