UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**WILLIAM J. MCKINNEY,**
    **- Plaintiff,**

                  **PRISONER**
    **v.**                **CIVIL NO. 3:10-cv-880 (AVC)(TPS)**

**JAMES DZURENDA ET AL.,**
    **- Defendants.**

### RULING ON PENDING MOTIONS

Pending before the court are the plaintiff's motions to reopen discovery and for appointment of counsel. For the reasons set forth below, the plaintiff's motions are **DENIED**.

**I. Motion to Reopen Discovery [Dkt. #24]**

The plaintiff seeks to reopen discovery for the "[limited] purpose of obtaining a copy of the video or videos in the 2007 incident that took place at Garner C.I. on August 31st, 2007, 1:42 p.m. in I.P.M. II." The plaintiff indicates that he filed this motion pursuant to advice he received from an Inmates Legal Assistance Program ("ILAP") attorney. Plaintiff has not indicated whether he served this production request on the defendants prior to the filing of this motion. Therefore, the court must construe plaintiff's motion as a motion to compel the defendants' production of the video.

A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(1) of the Federal Rules

of Civil Procedure and Rule 37(a) of the Local Civil Rules of the United States District Court for the District of Connecticut. Under both rules, a motion to compel must include a certification that the plaintiff has attempted to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court. The plaintiff has not filed such a certification. Plaintiff did provide a letter he wrote to Assistant Attorney General Ann Lynch, attached as Exhibit A to his objection to the court's denial of his earlier motion to compel [see dkt. #21], but the letter only contains plaintiff's statement that "he filed discovery." It does not include Ms. Lynch's response, if any, and it does not suggest in any way that Ms. Lynch refused to comply with the plaintiff's discovery requests. Consequently, the plaintiff's motion to compel is **DENIED without prejudice** as premature. The plaintiff is encouraged to contact Ms. Lynch, serve her with his request for the video, and document her response thereto.

**II. Motion to Appoint Counsel [Dkt. #25] and Motion for Reconsideration of Motion to Appoint Counsel [Dkt. #27]**

The plaintiff seeks the appointment of counsel, asserting that he "suffers from mental illness," such as "bi-polar, severe depression, and [psychosis]." The plaintiff claims the environment in which he lives "deprives the senses, making it worse," and that he recently experienced an issue that he will not go into because "it is private." Finally, plaintiff claims that the "severe

isolation is destroying [him] internally." Regarding the merits of his case, plaintiff states that he has survived summary judgment, but the docket reveals that no motion for summary judgment has ever been filed in this case. Plaintiff asserts that he has made a good faith effort to obtain his own counsel, but that lawyers either ignore his requests or refuse to take his case.

Plaintiff has twice moved for the appointment of counsel. [See dkts. ## 4, 14.] Both times, the court denied his motion. Most recently, on June 20, 2011, the court found that plaintiff had not demonstrated that he is unable to secure legal assistance without the intervention of the court. In addition, the court ordered that "**[a]ny renewal of this motion shall be accompanied by a summary of the plaintiff's attempts to obtain counsel or legal assistance and the reasons why assistance or representation was unavailable.**" (Emphasis added.) Since that time, the plaintiff has not provided a summary of his efforts to obtain counsel or legal assistance and the reasons why assistance or representation was unavailable. Rather, he merely declares that he has made a "good faith effort to obtain a lawyer" and complains that they don't write back or "they do and don't want to [represent him]." This declaration is insufficient.

As evidenced by plaintiff's recent pro se filings and letter to the court [see dkts. ## 21, 22, 23, 24, 25, 26, 27, 28], the plaintiff is capable of contacting attorneys by mail. Moreover, in

3

his motion to reopen discovery, the plaintiff revealed that he has sought and received legal assistance from an ILAP attorney. Consequently, the plaintiff's two motions to appoint counsel are **DENIED without prejudice**. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991) (before an appointment of counsel is even considered, the indigent person must demonstrate that he is unable to obtain counsel).

### III. Conclusion

The motion to reopen discovery [dkt. #24] is **DENIED without prejudice**. The motion for appointment of counsel [dkt. #25] and the motion for reconsideration of motion to appoint counsel [dkt. #27] are **DENIED without prejudice**. Any renewal of these motions shall be accompanied by a summary of the plaintiff's attempts to obtain counsel or legal assistance and the reasons why assistance or representation was unavailable.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 12th day of August, 2011.**

                                        **/s/ Thomas P. Smith**
                                        **Thomas P. Smith**
                                        **United States Magistrate Judge**