UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM J. MCKINNEY, | : |
|    Plaintiff, | : |
| | : |
|    v. | : Civil No. 3:10cv880(AVC) |
| | : |
| JAMES DZURENDA, ET AL., | : |
|    Defendans. | : |

**RULING ON THE DEFENDANTS' MOTION TO STRIKE**

The defendants' motion to strike two letters and a portion of the plaintiff's declaration appended to the plaintiff's opposition to summary judgment is denied. Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a party's pleading. Such motions are disfavored. See, e.g., Hathaway Motors, Inc. v. General Motors Corp., 19 F.R.D. 359, 360 (D. Conn. 1955) ("Motions to strike . . . are in disfavor"); D'Agostino v. Housing Authority of City of Waterbury, No. 3:05cv1057 (PCD), 2006 WL 1821355, at *2 (D. Conn. June 30, 2006) (recognizing that "motions to strike are generally disfavored"); Wright & Miller, Fed. Practice & Procedure § 1380 ("[M]otions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.").

"Most importantly, Rule 12(f) allows a court to strike pleadings only. Declarations and affidavits are not pleadings." Ricci v. Destefano, No. 3:04 CV 1109 (JBA), 2006 WL 2666081, at

*1 (D. Conn. Sept. 15, 2006) (internal quotations and citations omitted). It is inappropriate for a court to strike material contained in exhibits to motions. Ricci, 2006 WL 2666081, at *1. See also Monroe v. Board of Ed. of Town of Wolcott, 65 F.R.D. 641, 645 (D. Conn. 1975) (recognizing that "[a] rule 12(f) motion to strike is not strictly proper in this instance, for the record of the . . . hearing [attached to opposition to summary judgment] is not a 'pleading.'"). Thus, neither the letters, nor the plaintiff's declaration in support of the plaintiff's opposition to summary judgment, are considered a "pleading" from which the court may properly strike material under Rule 12(f).

Even if the court were to construe the exhibits as "pleadings," a motion to strike is improper with respect to summary judgment. "The Federal Rules of Civil Procedure do not explicitly allow motions to strike in the context of summary judgment." Ferraresso v. Town of Granby, 646 F. Supp.2d 296, 301 (D. Conn. 2009). Specifically, "Rule 56, which governs summary judgment, does not provide a 'motion to strike' as a tool in the summary judgment process." Ferraresso, 646 F. Supp.2d at 301. Rather, Rule 56(c) provides a means to object to inadmissible evidence referenced by the opposing party as follows: "A party may object that the material cited [by the party's opponent] to support or dispute a fact cannot be presented in a form that

2

would be admissible in evidence." Fed. R. Civ. P. 56(c). Federal Rule 56(c) thus contemplates that the parties will flag for the court material cited by opposing counsel which is not admissible, and hence not properly considered on summary judgment.

The defendants' motion seeks an order striking two letters and the plaintiff's declaration appended to his opposition for summary judgment. The letters and the declaration are not "pleadings," and, therefore, may not be stricken pursuant to Federal Rule 12(f). Further, because the letters and declaration were filed in the context of summary judgment, striking them would be inappropriate. The court is fully aware that is may only consider admissible evidence with respect to the pending motion for summary judgment. Accordingly, the motion to strike is DENIED.

It is so ordered this 27th day of March 2013, at Hartford, Connecticut.

                                    _____/s/_____
                                    Alfred V. Covello, U.S.D.J.